THE MAYOR, ETC. OF COLUMBUS *vs.* PEARSON.

SIMMONS, J.—1. The requests to charge which were refused by the court, so far as they were legal, were included substantially in the general charge of the court, and it was unnecessary for the court to repeat the same.

2. There was sufficient evidence to authorize the finding of the jury. There was, therefore, no error in overruling the motion for a new trial.

Judgment affirmed.

February 5, 1889.

Charge of court.    Evidence.    Verdict.    New    trial. Before Judge SMITH.    Muscogee superior court.    May term, 1888.

J. A. Pearson sued the Mayor and Council of Columbus for damages for personal injuries, which he alleged he sustained by falling into a certain sewer in that city, which had been carelessly left open and unlighted at night, along and near the usual way of passing along the west side of a street in that city, etc.    The evidence for the plaintiff tended to sustain the allegation in his petition, and to show that this sewer had been left open upon the edge and probably cutting a little into the usual passway or sidewalk upon one side of a street of the city, and that plaintiff fell into it one night (April 26, 1887) when it was left unlighted, and that he sustained injuries sufficient to warrant a verdict for the amount which he recovered.

The evidence for the defendant tended to show that there was no regular sidewalk upon the side of the street in question, but that a ditch, covered for some of its length, was next to a wall or building running along that side of the street, and that the usual passway was between this ditch and the sewer.    It tended farther to show that, at the time in question, most of the sewer

had been filled in, only a very small portion of it being left partly unfilled for a depth of about two feet, and this unfilled portion was eight or ten feet from the passway; that at this point the sewer had been party filled with loose earth, and on being examined the morning after the alleged casualty, it gave no indication whatever of having been fallen into; that this point of the sewer was properly lighted on the night in question; that plaintiff might have fallen into an uncovered portion of an old ditch, which seems to have been a ditch maintained by the city and which had been in existence at this point for thirty or forty years; and that the construction of this sewer had been carried on for some time and the work upon it was obvious to an ordinary passer, and there was as short and probably a more convenient way for plaintiff to have reached his destination at the time in question than by passing along this side of the street in question and near this ditch and sewer.

Plaintiff swore that he had no previous knowledge of the city's being engaged in constructing the sewer at this point, though it was his habit to frequently pass along the opposite side of the street.

The jury found for the plaintiff $500. The defendant moved for new trial on the grounds that the verdict was contrary to law and evidence; and because of error in refusing to charge as requested by defendant. The motion was overruled, and the defendant excepted.

PEABODY, BRANNON & HATCHER and T. Y. CRAWFORD, for plaintiff in error.

McNEILL & LEVY, contra.